Bissell, J.
This case is another suit between Dunklee and Mrs. Rose and another daughter by the name of Marie I. Harvey. We need say but little in reversing this judgment save to reaffirm and reiterate the reasons which we have already expressed in the preceding case and the earlier case of Dunklee against Rose and Riddle handed down at the same time. The circumstances in this case and the one against Harriet A. Harvey so far as we can discover are precisely the same. The complaint in this case was attacked because one allegation which appears in the abstract as having been in the complaint in the suit brought against Mrs. Harriet Harvey was omitted. This allegation was one which alleged the filing of a transcript in the office of the county clerk and recorder whereby it became a lien which as the appellees insist is essential to the maintenance of a suit. This is probably true under the decisions of this and other courts, but so far as we can discover from the amended record which was brought here by leave of this court, the allegation is found in the complaint' in this case. The confusion seems to come from the fact that there is only one abstract and one brief filed in the two cases, and a motion to strike out that allegation is alleged to have been made in the case now under consideration, but to have been entered in the other suit. According to the amended transcript counsel appear to be entirely mistaken as in the abstract filed in the case against Mrs. Harriet Harvey the allegation is found. The motion to strike would appear from the amended transcript to have been made in the case against Mrs. Harriet Harvey and sustained. Notwithstanding this fact, however, it appears in the amended complaint and really appears in the complaints in both suits so that the appellees’ contention in this regard is not supported by the record, but whether it is or is not, we do not concede that we would permit counsel to file a motion to strike an allegation from a complaint and then insist on an appeal to this court that the complaint was insufficient because it lacked the alle *425 gation which had been struck out on his own motion. If the motion ought not to have been allowed and the complaint would have been good with the allegation in, and it was struck out on his motion, we would not feel at liberty to support a judgment entered on a demurrer to a complaint because it lacked an allegation which had been stricken out. Inconsistent positions cannot be made the basis of argument on which to uphold or reverse a judgment. However this may be, so far as we can discover from the record the allegation is in the complaint in the suit brought against Mrs. Marie Harvey and it is set out in the abstract in the case against Mrs. Harriet Harvey. We therefore are of the opinion on this question, as in the other case, that the complaint stated a good cause of action and the judgment entered on the demurrer is wrong, and the case will be reversed with leave to the defendants in the court below to file such answers presenting such issues as they may be advised.

Reversed.